03-CR-00433-MEM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MANRAJ KAMOH,<br><br>    Defendant. | NO.   CR03-0433RSM<br><br>PLEA AGREEMENT |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Susan M. Harrison, Assistant United States Attorney for said District, and the defendant, Manraj Kamoh, and his attorney, Lennard Nahajksi, and enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.  <u>The Charge</u>.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charges contained in the Information. By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document.

    a.  Embezzlement by a bank employee, a misdemeanor, as charged in the Information, in violation of Title 18, United States Code, Section 656.

2.  <u>Elements of the Offense</u>.  The elements of the offense of Embezzlement are as follows:

    1.  Defendant was employed by Washington Mutual Bank;

PLEA AGREEMENT/KAMOH - 1
CR03-433RSM

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

2. Defendant took for his own use the bank's money over which he had control as a bank employee;

3. Defendant acted with intent to injure or defraud the bank; and

4. The deposits of Washington Mutual were insured by the Federal Deposit Insurance Corporation at the time defendant took the bank's money

3. **The Penalties.** Defendant understands that upon his plea of guilty to the one-count Information charging him with a misdemeanor, the maximum penalty the Court may impose is imprisonment for a period of One (1) Year, a fine of One Hundred Thousand Dollars ($100,000) or both. The Court also may impose a period of Supervised Release of up to One (1) Year. Defendant also understands that he is subject to a penalty assessment of Twenty Five Dollars ($25), which is to be paid at or before the time of sentencing. Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. <u>Rights Waived by Pleading Guilty</u>. Defendant understands that, by pleading guilty, she knowingly and voluntarily waives the following rights:

a. The right to plead not guilty, and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's peers;

PLEA AGREEMENT/KAMOH - 2
CR03-433RSM

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

1      c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d.    The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

    e.    The right to confront and cross-examine witnesses against Defendant;

    f.    The right to compel or subpoena witnesses to appear on Defendant's behalf;

    g.    The right to testify or to remain silent at trial, which such silence could not be used against Defendant; and

    h.    The right to appeal a finding of guilt or any pretrial rulings.

5.    <u>Applicability of Sentencing Guidelines</u>.  Defendant understands and acknowledges the following:

    a.    The United States Sentencing Guidelines, promulgated by the United States Sentencing Commission, are applicable to this case;

    b.    The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c.    The Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable Sentencing Guidelines range up to the maximum term authorized by law;

    d.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

    e.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6.    <u>Ultimate Sentence</u>.  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

PLEA AGREEMENT/KAMOH - 3
CR03-433RSM

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  7. The United States and Defendant agree that Three Thousand Three Hundred Sixty Three Dollars and Twenty One Cents ($3,363.21) is the correct amount of loss for purposes of USSG § 2B1.1(b)(1).

8. Restitution. It is acknowledged that Defendant has made full restitution to Washington Mutual in this case in the amount of $3,363.21.

9. Statement of Facts. The parties agree on the following facts in support of Defendant's guilty plea and for purposes of calculating the base offense level of the Sentencing Guidelines. Defendant admits he is guilty of the charged offense.

During all relevant times, MANRAJ KAMOH was employed as a teller by Washington Mutual Bank, which was then insured by the Federal Deposit Insurance corporation.

On or about June 28, 2002, KAMOH in his capacity as a teller, "cashed" a non-existent check in the amount of $8,363.21. In essence, KAMOH keyed in the check information as if the Bank's check reader was not working. He then used the funds as an opening deposit with an account in his own name with Bank of America.

On or about August 14, 2002 KAMOH cashed a check for $2,950.54, instead of the true amount of the check, which was $2,450.54. KAMOH then took the $500 difference.

On or about September 13, 2002, KAMOH intentionally cashed a check for $2,222.87 instead of the true amount of the check, which was $222.87. KAMOH then issued two money orders for $1,000 each, made payable to himself. He later deposited the money orders into his personal account with Bank of America.

10. Acceptance of Responsibility. The United States acknowledges that Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and therefore, Defendant's total offense level should be decreased by two (2) levels pursuant to USSG §§ 3E1.1(a), because Defendant has assisted the United States by timely notifying the authorities of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its

PLEA AGREEMENT/KAMOH - 4
CR03-433RSM

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

resources efficiently.

11. <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

12   <u>Voluntariness of Plea</u>. Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

14. <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

15. <u>Post-Plea Conduct</u>. Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in conduct that would warrant an increase in Defendant's adjusted offense level or justify an upward departure under the Sentencing Guidelines (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while

PLEA AGREEMENT/KAMOH - 5
CR03-433RSM

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  pending sentencing, and false statements to law enforcement agents, the probation
2  officer or Court), the United States is free under this Agreement to seek a sentencing
3  enhancement or upward departure based on that conduct.

4      16.   Completeness of Agreement. The United States and Defendant
5  acknowledge that these terms constitute the entire Plea Agreement between the parties.
6  This Agreement only binds the United States Attorney's Office for the Western District
7  of Washington. It does not bind any other United States Attorney's Office or any other
8  office or agency of the United States, or any state or local prosecutor.

9      DATED: This 23rd day of OCTOBER, 2003.

MANRAJ KAMOH
Defendant


LENNARD NAHAJSKI
Attorney for Defendant


SUSAN M. HARRISON
Assistant United States Attorney

PLEA AGREEMENT/KAMOH - 6
CR03-433RSM

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970